**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, as assignee and
subrogee of U.S. Protect Corp.,

                        Plaintiff,

-vs-                                                        Case No.  2:10-cv-553-FtM-29SPC

LISA HUDEC, RICHARD S. HUDEC,

                        Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendants Lisa and Richard Hudec's Motion to Dismiss  (Doc. #12) filed on January 4, 2011.  The Plaintiff Travelers Casualty and Surety Company of America filed its Response in Opposition (Doc. # 15) on January 18, 2011.  The Motion is now ripe for review.

**FACTS**

      In May of 2003, the Defendant Lisa Hudec acquired ownership of U.S. Protect from Holiday International Security, which was owned at that time by her husband the Defendant Richard Hudec. Lisa Heduc changed the corporation's  name from Holiday International Security to U.S. Protect after she acquired the corporation.  Lisa Heduc maintained her position as chairman of the board of the corporation throughout the relevant time frames for this lawsuit.  The Plaintiff alleges that during the relevant time period that Richard Heduc held several executive positions within U.S. Protect including serving as Chief Financial Officer.

Pursuant to Title I of the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1001 *et seq.*, the Defendants established a 401K Plan for the employees at U.S. Protect. Under the terms of the plan, employees at U.S. Protect would have funds deducted from their paychecks and deposited in their 401K plans for investment and financial management. The Plaintiff issued an ERISA Compliance Bond number 104038686 to provided certain coverages for losses that might occur to the plans.

The Plaintiff alleges in its Amended Complaint (Doc. # 3), that from January 17, 2008, through February 29, 2008, that U.S. Protect withheld at least $416,000.00 from its employees' paychecks which was intended to be deposited in their respective 401K plans. The Complaint alleges that Lisa Hudec's position at U.S. Protect created fuduciary duties under ERISA on her part to the plan. Instead of making the deposits to the 401K Plan, the Plaintiff alleges that Lisa and Richard Hudec diverted the funds for their own use.

On March 16, 2008, an involuntary Chapter 7 bankruptcy was filed against U.S. Protect. The bankruptcy trustee filed a claim with Travelers to recover the missing funds pursuant to the ERISA Compliance Bond number 104038686. Following the execution of a Release and Assignment between Travelers and the Trustee and approval by the Bankruptcy Court, Travelers paid the claim for the covered loss relating to the collected funds and the US Protect contributions. Under the terms of the Release and Assignment, Travelers was assigned all of the rights and claims of the Trustee on behalf of the 401K Plan against any person or organization responsible for the full loss. Travelers now brings the instant action alleging in Count I that Lisa Hudec violated her fiduciary duty under

ERISA, and Count II that Richard Hudec aided and abetted the breach of said fiduciary duties.[1] In response to the Plaintiff's Amended Complaint the Defendants filed the instant Motion to Dismiss.

## **STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)); Christopher v. Harbury, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L. Ed.2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir.2004) has been retired by Twombly. James River Insurance Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee,

---

[1] Count II is incorrectly denominated Count III.

2010 WL 98996 at * 1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir.1992).

## DISCUSSION

The Defendants argue that Count I should be dismissed because the Plaintiff did not establish that the diverted funds were part of the Plan, and it failed to allege sufficient facts to establish that Lisa Hudec was a fiduciary of the Plan. The Defendants also argue Count II should be dismissed because there is no liability under ERISA for aiding or abetting a breach of fiduciary duty.

### *Count I*

The Plaintiff asserts that Lisa Hudec violated her fiduciary duty under ERISA. As grounds, the Plaintiff states that Lisa Hudec had control over the collected funds withheld from the U.S. Protect employees for deposit into their respective 401K plans. The Plaintiff further alleges that rather than using her control over the funds to deposit them into the 401K plans, she diverted the funds for her and Richard Hudec's own use. As such, the Plaintiff alleges Lisa Hudec breached her fiduciary duty. The Defendants argue that the Plaintiff failed to establish a factual basis that Lisa Hudec was the fiduciary over the U.S. Protect Plan and it was not established that the funds were part of the Plan.

### *(a) Whether the Funds were Part of the Plan*

The Defendants contend Plaintiff did not establish that the diverted funds were part of the company's 401K Plan. The Defendants argue that "[u]npaid employer contributions are not assets of a fund unless the agreement between the fund and the employer specifically and clearly declares otherwise." ITPE Pension Fund v. Hall, 334 F.3d 1011, 1013-14 (11th Cir. 2003). The Defendants' argument lacks merit because the Plaintiff is alleging that the employees' funds were diverted and

not funds that may or may not be contributed by the employer U.S. Protect. Under the rules outlined in the Code of Federal Regulations, unpaid employee contributions to ERISA funds are assets of those funds. Id. at 1014 n. 1 (citing 29 C.F.R. § 2510.3-102).

### *(b) Whether Lisa Hudec had Control over the Collected Funds*

The Defendants argue that the Plaintiff failed to establish a factual basis that Lisa Hudec was the fiduciary over the U.S. Protect Plan. "To establish liability for a breach of fiduciary duty under any of the provisions of ERISA § 502(a), a plaintiff must first show that the defendant is in fact a fiduciary with respect to the plan." Bacon v. Stiefel Laboratories, Inc., 677 F. Supp. 2d 1331, 1340-41 (S.D. Fla. 2010) (citing Cotton v. Massachusetts Mutual Life Insurance Co., 402 F.3d 1267, 1277 (11th Cir. 2005)). ERISA provides that a person can become a fiduciary in one of two ways: (1) Being a "named fiduciary" in the Plan instrument, 29 U.S.C. § 1102(a)(2); or (2) exercising discretionary control over the Plan or the management of its assets, rendering investment advice for a fee, or having any discretionary authority or responsibility over Plan administration. 29 U.S.C. § 1002(21)(A); Bacon, 677 F. Supp. 2d at 1340-41.

In this instance, the Plaintiff alleges that "[a]s a result of her position with US Protect, Lisa Hudec owed fiduciary duties to the 401k Plan pursuant to 29 U.S.C.A.§1002(21) in that she, among others, had the power of discretionary control, management, or disposition of the 401k Plan assets, namely, the Collected Funds. (Doc. # 3, ¶ 15). The Plaintiff further argues that "Lisa Hudec's power of discretionary control included the ability to control when or if the Collected Funds were contributed to the 401k Plan." (Doc. # 3, ¶ 16). The Plaintiff also alleges that Lisa Hudec had knowledge that the diverted funds were to be contributed to the 401K Plan. (Doc. # 3, ¶ 19).

For the purposes of this Motion, the Court must accept as true that Lisa Hudec's position as Chairman of the Board and sole shareholder in U.S. Protect gave her the power of discretionary control, management, or disposition of the 401k Plan assets and further that she knowledge of that control. Bedasee, 2010 WL 98996 at* 1. Whether or not Lisa Hudec had the discretionary authority to control the Plan and its funds and possessed knowledge–the required knowledge– that the funds belonged to the Plan is more a matter for summary judgment or for a jury to determine after discovery has been completed. Thus, the Plaintiff's allegation that Lisa Hudec had discretionary authority over the 401K Plan and knew that the funds belonged to the Plan is sufficient to survive the Motion to Dismiss. As such, the claim should survive the Motion to Dismiss, and it is respectfully recommended that the Motion to Dismiss be denied as to Count I.

### *(2) Count II*

The Defendants contend that pursuant to black letter law, Richard Hudec, a non-fiduciary, is not liable for participation– along with a fiduciary– in a breach of that fiduciary's duties. Mertens v. Hewwitt Associates, 508 U.S. 248, 248, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993). Thus, the Defendants argue that merely because Richard Hudec knew of the alleged violations he is not liable under ERISA. The Plaintiff argues that the claims against Richard Hudec are not brought pursuant to ERISA, but pursuant to Florida common law claims for aiding and abetting the breach of a fiduciary duty.

Pursuant to 29 U.S.C. § 1144(a), ERISA preempts any state law claims that relate to ERISA. 29 U.S.C. § 1144(a). The Supreme Court has broadly interpreted the "relate to" language of Section 1144(a) as encompassing any state law that has a "connection with or reference to" employee benefit plans. Bacon, 677 F. Supp.2d at 1349 (citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97, 103

S.Ct. 2890, 77 L.Ed.2d 490 (1983)). However, "[b]ecause the 'relate to' test is of limited utility, [the Court] must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." Jones v. LMR International, Inc., 457 F.3d 1174, 1180 (11th Cir. 2006) (quotations and citations omitted). Despite this difficulty, several points of guidance have emerged. For instance, ERISA preempts all state laws insofar as they apply to employee benefit plans "even if those laws do not expressly concern employee benefit plans and amount only to indirect regulation of such plans." Bacon, 677 F. Supp.2d at 1349 (citing Howard v. Parisian, Inc., 807 F.2d 1560, 1564 (11th Cir.1987)). In fact, a mere "nexus with the ERISA plan and its benefits system" is all that is required for preemption. Bacon, 677 F. Supp.2d at 1349 (citing Variety Children's Hosp. v. Century Medical Health Plan, 57 F.3d 1040, 1042 (11th Cir.1995)). However, the mere existence of an ERISA plan is not enough for preemption. Bacon, 677 F. Supp.2d at 1349 (citing Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir.1994)). "Rather, the state law in question must make reference to or function with respect to the ERISA plan in order for preemption to occur." Bacon, 677 F. Supp.2d at 1349 (citing Forbus, 30 F.3d at 1404). Indeed, a state law should not be preempted "when the law has too tenuous a connection with the ERISA plan." Morstein v. National Insurance Services, Inc., 93 F.3d 715, 722 (11th Cir.1996) (en banc).

With these principles in mind, the Court must determine whether or not the Plaintiff's common law claim for breach of fiduciary duty relates to ERISA. Under Florida law the elements of a claim for aiding and abetting the breach of fiduciary duties are: (1) a fiduciary duty on the part of the principal wrongdoer; (2) a breach of her fiduciary duty; (3) knowledge of the breach of fiduciary duty by the one providing aid; and (4) substantial assistance or encouragement by the one

providing aid. In Re Caribbean K. Line Ltd., 288 B.R. 908, 919 (S.D. Fla. 2002). Here, the allegations set forth under Florida's aiding and abetting does not make reference or function with respect to ERISA. The claim would stand on its own if the issue were related to any other breach of fiduciary duty. This is made clear by the fact that the Plaintiff's claim does not seek to recover benefits lost by the 401K Plan, but instead seeks to recover funds distributed to the Plan by the Plaintiff pursuant to the Compliance Bond number 104038686, which the Plaintiff issued. Even though an ERISA plan is involved in this action, the claims against Richard Hudec should not be dismissed because they are a separate state law claim that does not fall under the "relate to" language found in § 1144(a). Thus, it is respectfully recommended that the Motion to Dismiss Count II against Richard Hudec should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Defendants Lisa and Richard Hudec's Motion to Dismiss (Doc. #12) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this   27th    day of January, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record